The plaintiffs appeal from a judgment of the Land Court in favor of the defendants. The judge found that the zoning board of appeals of Marblehead (ZBA) reasonably interpreted its own by-laws on how to measure the height of a building when it issued a special permit for the construction of a new house on shorefront property owned by Ralph Sevinor and Meryl Sevinor (collectively, Sevinors). On appeal, the plaintiffs contend that the interpretation of the by-laws is legally untenable, unreasonable, whimsical, capricious, or arbitrary. We affirm.
Discussion. We only overturn the decision of a ZBA when "it is based on a legally untenable ground" or "is based on an 'unreasonable, whimsical, capricious or arbitrary' exercise of its judgment." Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 382 (2009) (Wendy's ), quoting from Roberts v. Southwestern Bell Mobile Sys., Inc., 429 Mass. 478, 487 (1999). We also afford " 'substantial deference' to a board's interpretation of its zoning bylaws and ordinances." Wendy's, supra at 381, quoting from Manning v. Boston Redev. Authy., 400 Mass. 444, 453 (1987).
1. Legal tenability. The Sevinors own land overlooking Marblehead harbor. Under Marblehead by-laws, the maximum height for a building in this area is thirty feet. Article II, § 200-7, of the by-laws states that the height of a building is "measured from the highest point of any roof or parapet to the lowest point of the original grade or the lowest point of the finished grade of the ground adjoining the building, whichever makes the building height greater." That section also states that original grade is defined as "[t]he level of the land at a construction site prior to site preparation," while the definition of "site preparation" includes the "removal and moving of standing buildings."
When the Sevinors applied for a special permit to raze the existing house on their land and to construct a new one, they submitted plans showing a proposed height of thirty feet, measured from twenty-three feet above sea level. This measurement excludes the depth of the existing basement from the height calculation because the proposed house will be further inland, and on a different foundation, than the existing house. The Marblehead building commissioner (commissioner) endorsed this measurement in a letter to the ZBA.
The commissioner explained that he always excludes existing basements from height calculations because "the existing basement would be considered to be part of the excavation [i.e., the site preparation,] required for the proposed structure and would not contribute to the height calculation." The ZBA adopted the commissioner's interpretation. Contrary to the plaintiff's assertions, the ZBA's interpretation conforms with the definitions in the by-laws of site preparation and original grade. Accordingly, we conclude it is legally tenable and worthy of deference. Wendy's, supra.
2. Unreasonableness, whimsicality, capriciousness, or arbitrariness. We also are not persuaded by the plaintiff's contention that the ZBA's decision is otherwise legally unsound.
As stated supra, the ZBA reasonably interpreted its own bylaws. Furthermore, the commissioner's letter makes clear that this is the interpretation applied to all building projects. Here, the ZBA had full access to the proposed plans for the new house and carefully considered the factors mandated by its by-laws in issuing the special permit here.[4] The original plans were even changed to meet certain requirements and, while the approved plans propose a house that is nonconforming in some respects, it proposes a more conforming house than the Sevinors' existing home. We discern no error.
Judgment affirmed.

Article II, § 200-36(B), requires that the ZBA consider the following factors:
"(1) The general purpose and intent of this Bylaw, and whether
(2) The specific site is an appropriate location for such use or building; and
(3) The use as developed will not adversely affect the neighborhood; and
(4) There will be no nuisance or serious hazard to vehicles or pedestrians;
(5) Adequate and appropriate facilities will be provided for the proper operation of the proposed use."